# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAPAT NABAYA, | : |
| Petitioner | : |
| | : CIVIL NO. 3:CV-18-0829 |
| v. | : |
| | : (Judge Conaboy) |
| D. WHITE, WARDEN, | : |
| Respondent | : |
| | : |
| SHAPAT NABAYA, | : |
| Petitioner | : |
| | : CIVIL NO. 3:CV-18-0891 |
| v. | : |
| | : (Judge Conaboy) |
| WARDEN D. White, | : |
| Respondent | : |

FILED SCRANTON MAY 2 2 2018 Per \_\_\_\_\_ DEPUTY CLERK

## ORDER

Shapat Nabaya initiated both of the above-captioned petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Petitioner, is a federal inmate housed at the Allenwood Federal Correctional Facility-Low, in Allenwood, Pennsylvania.

A review of both petitions reveals that they involve common facts and questions of law. For the reasons outlined below, the Court will direct that the cases be consolidated pursuant to Federal Rule of Civil Procedure 42(a) and the consolidated matter will proceed under Civil Action No. 3:CV-18-0891, which was the initially filed action.

**DISCUSSION**

Rule 42(a) of the Federal Rules of Civil Procedures states:

> **Consolidation.** If actions before the court involve a common question of law or fact, the court may:
>
> **(1)** join for hearing or trial any or all matters at issue in the actions;
>
> **(2)** consolidate the actions; or
>
> **(3)** issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

A review of the respective petitions reveals that they are identical in all respects and assert the same claims for habeas relief. In both petitions, Nabaya challenges his October 2017 conviction in the Eastern District of Virginia for Retaliating Against an Officer by False Claim, 18 U.S.C. § 1521, and making a False Statement in Bankruptcy, 18 U.S.C. § 152(3). In February 2018, Nabaya was sentenced to 71 months in federal prison. See United States v. Nabaya, 3:17-CR-0003 (E.D. Va.) (J. Lauck)(docket sheet). Nabaya claims his imprisonment is improper because "there are not any complaints, affidavits or court orders of protections filed against him. There are no statements of offense filed against plaintiff … there is not any documented or logical reason for his incarceration." Nabaya v. White, Civ. No. 3:18-0829 (M.D. Pa.) (J. Conaboy), Doc. 1, and that "he is innocent of any crimes." Nabaya v. White, Civ. No. 3:18-0891 (M.D. Pa.) (J. Conaboy), Doc. 11.

Consequently, since the actions contain common factors of law and fact, the Court will order the consolidation of the two actions pursuant to Rule 42(a) and will proceed with the consolidated matter under Petitioner's initially filed action, Civil Action No. 3:CV-18-0829 (M.D. Pa.) (J. Conaboy), and Civil Action No. 3:CV-18-091 (M.D. Pa.) (J. Conaboy) will be closed.

**AND NOW**, this 22nd day of **MAY, 2018**, it is **ORDERED** that:

1. The Clerk of Court shall consolidate Nabaya v. White, Civ. No. 3:18-CV-0891 into Nabaya v. White, Civ. No. 3:18-CV-0829, pursuant to Federal Rule of Civil Procedure 42(a).

2. The Clerk of Court shall close the case of Nabaya v. White, 3:18-CV-0891.

RICHARD P. CONABOY
**United States District Judge**