IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAPAT NABAYA, :
:
    Petitioner : CIVIL NO. 3:18-CV-0829
:
v. : (Judge Caputo)
:
D. WHITE, WARDEN :
:
    Respondent :

# M E M O R A N D U M

Petitioner Shapat Nabaya, an inmate currently confined at the Seagoville Federal Correctional Institution, in Seagoville, Texas,[1] filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that his imprisonment is improper because "there are not any complaints, affidavits or court orders of protection filed against him … there is not any documented or logical reason for his incarceration." (ECF No. 1 at 2.) Presently pending before the Court is Petitioner's motion for appointment of counsel. (ECF No. 3.) For the following reasons, the Court will deny the motion and *sua sponte* grant Petitioner additional time to file a reply in support of his habeas petition.

Unlike trial and direct appeal, there is no constitutional or statutory right to the appointment of counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 725, 111 S.Ct. 2546, 2552, 115 L.Ed.2d 640 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 2546, 1993, 95 L.Ed.2d 539 (1987). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *See* Rule 8(c) R. Gov. § 2254 Cases; 18 U.S.C. §

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited March 25, 2019).

3006A(a)(2)(B). Otherwise, a court may appoint counsel to represent a habeas petitioner if it "determines that the interests of justice so require," and that the petitioner is financially unable to obtain adequate representation. See 18 U.S.C. § 3006A(a)(2).

The exercise of discretion in this area is guided by certain basic principles. The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). Other factors influencing a court's decision on a request for appointment of counsel include the factual and legal issues in the case, as well as the petitioner's ability to adequately investigate, prepare, or present the claim. *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993). Where the issues in a habeas petition are narrow, or straightforward and capable of resolution on the record, or where the petitioner demonstrates a good understanding of the issues and displays the ability to forcefully and coherently present contentions, appoint of counsel is unnecessary.

In this case, there appears to be no circumstances that warrant the appointment of counsel currently. See *Tabron*, 6 F.3d at 155 – 56. First, Mr. Nabaya has paid the requisite filing fee and he has not demonstrated a financial, or other, inability to seek or obtain counsel on his own. Second, the legal issue in this case is relatively simple; therefore, a hearing is unlikely. Further, upon review of the Petition, it appears that Mr. Nabaya is capable of properly and clearly presenting his claim with adequate factual investigation and appropriately supportive arguments. His Petition clearly sets forth his belief that his imprisonment violates his due process rights as he is actually innocent of any crime and there are no documents authorizing his present incarceration. More

importantly, Mr. Nabaya does not cite any specific reason or need for the appointment of counsel other than his indigent status. See ECF No. 3.[2] Indigency alone does not warrant the appointment of counsel. Thus, it cannot be said, at least at this point, that Mr. Nabaya will suffer prejudice if this matter forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), coupled with Petitioner's apparent ability to litigate this action mitigate against the appointment of counsel. If the Court determines that an evidentiary hearing should be held or if further proceedings otherwise demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte*, or upon a motion properly filed by Mr. Nabaya.

Mr. Nabaya may file a reply in support of his habeas petition on or before Monday, April 15, 2019.

An appropriate order follows.

**Date: March 29, 2019**        /s/ A. Richard Caputo
              **A. RICHARD CAPUTO**
              **United States District Judge**

---

[2] Mr. Nabaya's motion for appointment of counsel reads as follows: "Comes now Plaintiff Shapat Nabaya motion this honorable court for an appointment of counsel in his writ for a mandatory emergency injunction. Plaintiff is indigent because of his unlawful incarceration." (ECF No. 3.)