# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAPAT NABAYA, | : | |
| Petitioner | : | CIVIL NO. 3:18-CV-0829 |
| v. | : | (Judge Caputo) |
| D. WHITE, WARDEN | : | |
| Respondent | : | |

**M E M O R A N D U M**

Petitioner Shapat Nabaya,[1] an inmate currently confined at the Seagoville Federal Correctional Institution, in Seagoville, Texas, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that his imprisonment is improper because "there are not any complaints, affidavits or court orders of protection filed against him … there is not any documented or logical reason for his incarceration." (ECF No. 1 at 2.) Presently pending before the are Petitioner's motions for an evidentiary hearing, motion for summary judgment, and motion to amend his petition. For the following reasons the motions will be denied. However, Mr. Nabay will be granted an enlargement of time to file a reply to the Government's response to his habeas petition.

---

[1] Mr. Nabaya is also known as Norman Abbott. See *United States v. Nabaya*, No. 18-4134, 2019 WL 1312153 (4th Cir. March 22, 2019).

**I.  Background**

Mr. Nabaya alleges that there is no valid judgment against him requiring his incarceration. On October 19, 2017, a jury in the United States District Court for the Eastern District of Virginia found Petitioner guilty of retaliating against a federal officer by false claim, 18 U.S.C. § 1521 (2012), and making a false statement in bankruptcy, 18 U.S.C. § 152(3) (2012). See *United States v. Nabaya*, No. 18-4134, 2019 WL 1312153 (4th Cir. March 22, 2019). The court sentenced him to a consolidated term of 71 months' imprisonment. (*Id.*) The Fourth Circuit Court of Appeals affirmed his conviction and sentence. (*Id.*)

Mr. Nabaya filed his petition for writ of habeas corpus on April 17, 2018. (ECF No. 1.) Respondents filed a response on March 20, 2019. (ECF No. 8.) Petitioner did not file a reply, instead he filed a motion for an evidentiary hearing (ECF No. 9), motion for summary judgment (ECF No. 10) and motion to amend his habeas petition (ECF No. 13).

**II.  Discussion**

**A.  Motion for Evidentiary Hearing**

In a habeas corpus proceeding, the petitioner bears the burden to establish the need for an evidentiary hearing. *Palmer v. Hendricks*, 592 F.3d 386, 396 (3d Cir. 2010). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true would entitle the applicant to federal habeas corpus relief." *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007);

*Lee v. Glunt*, 667 F.3d 397, 407 (3d Cir. 2012). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro*, 550 U.S. at 474, 127 S.Ct. at 1940.

The Court will deny Mr. Nabaya's request to conduct an evidentiary hearing as it appears unnecessary based upon the record, which is not yet complete. Mr. Nabaya will be given the opportunity to file a reply to the Government's response to his habeas petition, if the Court believes additional factual development of the record is necessary, the Court will reconsider Petitioner's motion *sua sponte*.

### B. Motion for Summary Judgment

Following the filing of the Government's response to his petition, Mr. Nabaya filed a motion for summary judgment asserting that there was no dispute of fact that the indictment in his criminal case was defective requiring his immediate release. (*See* ECF No. 10, *generally*.) In his motion Petitioner seeks "civil damages." To the extent he seeks monetary damages, such relief is unavailable in a habeas corpus proceeding. If Mr. Nabaya's underlying habeas petition is successful, and his conviction or imprisonment is declared unconstitutional or invalid, he may then file a civil rights action seeking damages. *See Heck v. Humphrey*, 512 U.S. 477, 487 – 88, 114 S.Ct. 2364, 2372 - 73, 129 L.Ed.2d 383 (1994). As to Mr. Nabaya's motion for summary judgment, as a means of resolving his habeas petition, the Court declines such an offer. *See Meade v. Spaulding*, No. 3:16-cv-2212, 2017 WL 3425181, at *2 (M.D. Pa. Aug. 9, 2017) (motion for summary judgment was in appropriate in a Section 2254 habeas

action). The Court will grant Mr. Nabaya the opportunity to file a reply in this matter and then resolve his petition on the merits.

### C. Motion to Amend

Mr. Nabaya filed a motion to amend after the Government filed its response to his habeas corpus petition. (ECF No. 13.) In his motion, Mr. Nabaya simply reargues the premise of his habeas petition, that he is confined based on an "indictment signed by the court impersonators was and is defective because no declaration of injury in-fact is attached to it." (*Id.* at 4.) As such, his motion will be denied.

An appropriate order follows.

**Date: April 12, 2019**           /s/ A. Richard Caputo
                                               **A. RICHARD CAPUTO**
                                               **United States District Judge**