**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SHAPAT NABAYA,** | : |
| Petitioner | : CIVIL ACTION NO. 3:18-0829 |
| v. | : (Judge Mannion) |
| **D. WHITE,** | : |
| Respondent | : |

# MEMORANDUM[1]

Petitioner Shapat Nabaya is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1.) Petitioner is a federal inmate housed at the Seagoville Federal Correctional Institution in Seagoville, Texas, who challenges his incarceration without a lawful conviction. (*Id.* at 2, Docs. 4 and 5.) The Respondent has filed a response to the petition. (Doc. 8.)

Also pending before the Court are Petitioner's motion for summary judgment (Doc. 21) and motion to transfer his case to the United States District Court for the Northern District of Texas (Doc. 24). [2]

---

[1] This matter was reassigned to the undersigned following the passing of the Honorable A. Richard Caputo.

[2] Petitioner initiated this matter while housed at the Allenwood Federal Correctional Complex in White Deer, Pennsylvania. The Court's jurisdiction

For the following reasons, the Court will dismiss the petition for writ of habeas corpus and deny all pending motions.

**I.      BACKGROUND[3]**

On October 19, 2017, following a jury trial, Petitioner was convicted in the United States District Court for the Eastern District of Virginia of "retaliating against a federal officer by false claim 18 U.S.C. §1521 (2012), and false statement in bankruptcy, 18 U.S.C. § 152(3) (2012)." *United States v. Nabaya*, 765 F. App'x 895, 897 (4th Cir. 2019) (denying direct appeal). On February 28, 2018, the court sentenced Petitioner to seventy-one months' imprisonment. (*Id.*; *see also* Doc. 8-1, Ex. 2, *United States v. Nabaya*, 3:17-cr-3 (E.D. Va.) (Criminal Judgment)). The United States Court of Appeals for the Fourth Circuit affirmed his conviction on March 22, 2019. *See United States v. Nabaya*, 765 F. App'x 895 (4th Cir. 2019).

---

over this matter is not divested upon his transfer to another judicial district because jurisdiction is determined at the time the petition is filed. *See Barden v. Keohane*, 921 F.2d 476, 477 n.1 (3d Cir. 1990). Accordingly, the Court will deny Petitioner's motion to transfer (Doc. 24) this matter.

[3] The Court takes judicial notice of Petitioner's criminal docket in the Eastern District of Virginia available online via the federal judiciary's Public Access to Court Electronic Records (PACER) system at: www.pacer.gov. (search Eastern District of Virginia, 17-cr-3) (last visited Apr. 4, 2020).

On April 15, 2019, Petitioner filed a motion to vacate pursuant to 28 U.S.C. §2255. *See United States v. Nabaya*, 3:17-cr-003 (E.D. Va.) (Richmond) (criminal docket sheet). The Government filed a response on December 18, 2019. (*Id.*) Petitioner's §2255 motion is currently pending before the sentencing court. (*Id.*)

Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. §2241 on April 12, 2018. (Doc. 1.)

## II. DISCUSSION

"A motion to vacate sentence pursuant to 28 U.S.C. §2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and the motion must be presented to the court that imposed the sentence. *See* 28 U.S.C. §2255(a) (providing that a defendant "may move the court which imposed the sentence"). In the instant case, Petitioner is challenging the sentence imposed. However, he still has the remedy of section 2255 available to him and has in fact availed himself of that remedy. His motion to vacate is currently pending with the Eastern District of Virginia. As such, the Court will dismiss the petition.

## III. CONCLUSION

The Court will deny Petitioner's motion to transfer because he filed this petition while confined in this district. Petitioner cannot challenge his conviction and sentence pursuant to 28 U.S.C. §2241 while his motion to vacate is pending before the sentencing court. Accordingly, Petitioner's motion for summary judgment will be dismissed as moot.

In light of the foregoing, an appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 8, 2020**
18-0829-01